UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-124-JBC

COGENT SOLUTIONS GROUP, LLC                                                PLAINTIFF

V.                          MEMORANDUM OPINION & ORDER

HYALOGIC, LLC, ET AL.                                                      DEFENDANTS.

\* \* \* \* \* \* \* \* \*

Before the court is Hyalogic, LLC's motion (R.54) requesting that Cogent Solutions Group, LLC pay its attorney's fees in the amount of $58,208.55. In response, Cogent asks this court to deny the motion because the settlement agreement is ambiguous, defer ruling on the motion until after the conclusion of the appeal, or request further briefing on the reasonableness of the claimed fee. Because these pleadings discuss the settlement agreement, which is sealed (*see* R. 47), the court will grant all motions to file such pleadings under seal (R. 53, 57, and 59). For the following reasons, the court will grant in part Hyalogic's motion for attorney's fees and request further briefing from the parties on the reasonableness of the fees.

In April 2011, Hyalogic and Cogent entered into a written settlement agreement. On March 30, 2012, this court denied Cogent's motion to enforce that agreement. Thereafter, Hyalogic filed the pending motion for attorney's fees. On April 27, 2012, Cogent filed a notice of appeal as to the March 2012 decision.

Hyalogic is entitled to a reasonable attorney fee pursuant to Section 8.2 of Settlement Agreement, which provides as follows:

> "The Parties do not anticipate any future litigation between them, but in the event of any such litigation, then the Parties agree that the prevailing party shall be entitled to a reasonable attorney fee."

A settlement agreement, as a contract, is controlled by Kentucky contract law and rules of contract interpretation. *See Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 105 (Ky. 2003). A contract will be enforced strictly according to its terms absent any ambiguity. *Id*. at 106. Here, the settlement agreement unambiguously provides that the prevailing party will be entitled to a reasonable attorney fee. Attorney's fees may be awarded when a contract authorizes such a recovery. *See Equilon Enterp. LLC v. 12 & Evergreen D&D Servs., Inc.*, 232 Fed. App'x 504, 509 (6th Cir. 2007). This court's March 2012 opinion denied Cogent's motion to enforce the settlement agreement — effectively making Hyalogic the prevailing party. As such, Hyalogic is entitled to a reasonable fee under the terms of the settlement agreement.

Cogent's argument, that Section 8.2 does not authorize attorney's fees because it does not include an explicit reference to any future litigation "involving the settlement agreement," is without merit. The pertinent provision of the settlement agreement ranges well beyond such a narrow construction, and the court will not insert additional requirements into the contract.

In addition, Cogent directs the court to section 11 of the agreement, entitled "Attorney Fees," which states that each party "shall be solely and exclusively

2

responsible for payment of its attorney's fees and expenses, if any, with respect to the settlement set forth in this Agreement." *See* R. 47 at 8.  This provision does not apply to future litigation, such as this dispute over breach of the settlement agreement.  Again, Cogent is asking the court to insert additional terms into the meaning of the contract.

Finally, the court will deny Cogent's request to delay ruling on the motion for fees until after the appeal.  Hyalogic timely filed its pending motion for fees according to Fed. R. Civ. P 54(d)(2) and Local Rule 54.4.  Contrary to Cogent's argument, the pending motion is not an unreasonable expenditure of judicial resources.  Rather, this court is the proper court to address the merits of the motion for fees.  *See Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989)("federal courts repeatedly have held that the filing of a notice of appeal in the underlying action does not affect the district court's jurisdiction to consider a post-judgment motion for attorneys [sic] fees.").  Although Cogent has already filed a notice of appeal, an amended notice of appeal may be filed rather than a separate appeal as suggested.  *See* Fed. R. App. P. 4(a)(4)(B)(ii).

Alternatively, Cogent requests an opportunity to address the reasonableness of the claimed amount.  The court will grant this request.  Accordingly,

**IT IS ORDERED** that Hyalogic's motion for fees (R. 54) is **GRANTED IN PART,** consistent with this opinion.

**IT IS FURTHER ORDERED** that Hyalogic shall file a supplemental memorandum in support of its motion for fees no later than July 23, 2012, and

3

that Cogent's supplemental response and Hyalogic's supplemental reply shall comply with the Local Rules governing the time frames for filing of responses and replies to motions.

**IT IS FURTHER ORDERED** that all pending motions to seal (R. 53, 57, and 59) are **GRANTED**.

Signed on July 11, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY